IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
3:10CV199-W

| | |
|---|---|
| LAUNEIL SANDERS, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | O R D E R |
| ) | |
| GASTON COUNTY, NC, and THE STATE OF ) | |
| NORTH CAROLINA, ) | |
| ) | |
| Defendants. ) | |
| ) | |

**THIS MATTER** comes before the Court upon a complaint (Doc. No. 1) ("Complaint") filed by Plaintiff, as well as an Application to Proceed *In Forma Pauperis* (Doc. No. 2) ("IFP Application"). For the reasons explained below, the Court GRANTS Plaintiff's Motion (Doc. No. 2) for the limited purpose of reviewing the Complaint and DISMISSES Plaintiff's Complaint *sua sponte* against all named Defendants.

**I.     Application to Proceed in District Court without Prepaying Fees or Costs**

Plaintiff submitted an Application to Proceed in District Court without Prepaying Fees or Costs, filed April 28, 2010 (Doc. No.2). By his IFP Application, Plaintiff seeks to proceed with yet another civil action related to issues decided in a child custody case in Gaston County, North Carolina, without having to prepay the $350.00 filing fee which is applicable to this case. According to the Application, Plaintiff receives no other income than a small monthly sum from retirement and his spouse's income. In addition, Plaintiff reports that his income, along with his spouse's income, does not exceed their monthly expenses.

Plaintiff also states that he has been granted permission to proceed *in forma pauperis* by this Court, the United States Supreme Court, the United States Court of Appeals for the Fourth Circuit,

and the United States District Court in South Carolina. Based upon the foregoing, the Court finds that Plaintiff does not have sufficient resources from which to pay the $350.00 filing fee; therefore, his IFP Application will be granted.

**II.     The Complaint**

When a plaintiff has filed *in forma pauperis*, as is the case here, "the court shall dismiss the case at any time if the court determines that the action or appeal is frivolous or malicious [or] fails to state a claim on which relief may be granted . . . ." 28 U.S.C. § 1915(e)(2)(B)(i)-(ii). A district court has broad discretion to police *in forma pauperis* filings to prevent abuse of the statute. See Nagy v. FMC Butner, 376 F.3d 252, 255, 257 (4th Cir. 2004); see also Michau v. Charleston County, S.C., 434 F.3d 725, 728 (4th Cir. 2006) (noting that 28 U.S.C.A. § 1915(e) applies to all IFP filings, not just those filed by prisoners). Indeed, "to provide free access to the courts without overwhelming the efficient administration of justice with meritless cases, the system relies primarily on the judgment of the district courts to permit suits that are arguably meritorious and to exclude suits that have no arguable basis in law or fact." Nasim v. Warden, Maryland House of Corr., 64 F.3d 951, 954 (4th Cir. 1995). Under the statute, "the court shall dismiss the case *at any time* if the court determines that the action or appeal is frivolous or malicious [or] fails to state a claim on which relief may be granted." 28 U.S.C. § 1915(e)(2)(B)(i)-(ii) (emphasis added).

"In evaluating a case under § 1915, a court may look to cases decided under Fed. R. Civ. P. 12(b)(6) for guidance." Bullock v. Beasley & Allen, 2009 WL 2827950, at *2 (E.D.N.C. Aug. 28, 2009). To survive dismissal under Rule 12(b)(6), Plaintiff's Complaint must contain "enough facts to state a claim to relief that is plausible on its face." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct

alleged." Ashcroft v. Iqbal, 129 S. Ct. 1937, 1949 (2009). Even construing the Complaint by this *pro se* complainant liberally, according to Erickson v. Pardus, 551 U.S. 89, 94 (2007), Plaintiff fails to carry his burden under Rule 12(b)(6).

Here, Plaintiff's Complaint alleges that in matters involving child custody and child support both Gaston County and the State of North Carolina have violated his constitutional rights. This is not the first time Plaintiff has attempted to raises these issues in this Court. In 1993, the Honorable Graham C. Mullen issued an order noting that "Plaintiff has filed at least four lawsuits collaterally attacking the Gaston County child custody proceeding in which custody of the plaintiff's children was awarded to their maternal aunt." See Sanders v. Gaston, 3:93-cv-371 (W.D.N.C. July 2, 1993), aff'd 19 F.3d 1430, 1994 WL 102157 (1994) (unpublished). In that order, Judge Mullen dismissed Plaintiff's complaint because it again sought to assert causes of action alleging that his constitutional rights were violated in connection with a child custody proceeding. Judge Mullen also explicitly ordered Plaintiff to "cease filing lawsuits in federal court that challenge the state court child custody action, as these actions are outside the jurisdiction of this Court." In affirming Judge Mullen's order, the Fourth Circuit expressly agreed with the reasoning of the district court's order denying relief on Plaintiff's complaint and imposing an injunction barring future claims concerning the child custody matter at issue. 19 F.3d 1430,1994 WL 102157, *1.

Plaintiff, however, has filed the instant action, once again seeking to allege that the decisions concerning child custody and child support violate his constitutional rights. The Court has reviewed the contents of the Complaint and finds the Court not only lacks jurisdiction over the allegations contained therein because the gravamen of his claims concern child custody and support matters (notwithstanding the fact they are couched as constitutional violations), but also, that Plaintiff has failed to allege any facts that set forth a plausible claim for relief. Twombly, 550 U.S. at 570, and

Iqbal, 129 S. Ct. at 1949. Accordingly, the Complaint must be dismissed under Rule 12(b)(6) of the Federal Rules of Civil Procedure for "failure to state a claim upon which relief can be granted . . . ."

### Conclusion

IT IS THEREFORE ORDERED that:

1. Plaintiff's Motion to Proceed In Forma Pauperis (Doc. No. 2) is **GRANTED**;

2. The Clerk of Court, however, shall refrain from issuing process for Defendants because the Court has conducted its initial review and determined that Plaintiff is not entitled to proceed with this action;

3. Plaintiff's Complaint is **DISMISSED** in its entirety for the reasons stated herein;

4. **Plaintiff is hereby CAUTIONED that any further effort to abuse the court process by filing successive, frivolous complaints or motions could result in issuance of a pre-filing review order and/or an order to show cause why an injunction should not be entered against him by the Court**; and

5. The Clerk of Court is **DIRECTED to CLOSE** the case and send a copy of this Order to Plaintiff at his address of record.

IT IS SO ORDERED.

Signed: June 23, 2010

Frank D. Whitney
United States District Judge